ALB:MEM
F. #2015R01296

HURLEY, J.

SHIELDS, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CHANDRESH KUMAR PATEL,
    also known as "Chandu,"
HEMA PATEL and
HARJINDER SINGH,
    also known as "Laddi,"

              Defendants.

- - - - - - - - - - - X

I N D I C T M E N T

CR 16 - 584

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i), 1324(a)(2)(B)(ii) and
1324(b)(1); T. 18, U.S.C., §§ 371,
982(a)(1), 982(a)(6), 1956(h), 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. In or about and between April 2015 and October 2016, both dates being approximate and inclusive, the defendants CHANDRESH KUMAR PATEL, also known as "Chandu," HEMA PATEL and HARJINDER SINGH, also known as "Laddi," together with others, conspired to bring, attempted to bring and brought aliens into the United States through the use of a fraudulent scheme.

2. As part of the fraudulent scheme, the defendants CHANDRESH KUMAR PATEL, also known as "Chandu," HEMA PATEL and HARJINDER SINGH, also known as "Laddi," together with others, were paid smuggling fees to, among other things, coordinate the entry of aliens into the United States both via designated ports of entry as well

as illegal crossings. After entering the United States, the aliens surrendered to United States immigration authorities. As a further part of the scheme, SINGH contacted HEMA PATEL and informed her when aliens associated with the co-conspirators had entered the United States and were detained by United States immigration authorities.

3. The defendant HEMA PATEL was the owner and operator of Hema's Immigration Bonding Service ("HIBS"), a company that engaged in, among other things, the bonding of aliens who had illegally entered the United States. HIBS was located in Raymondville, Texas.

4. As a further part of the scheme, the defendant HEMA PATEL accepted fees and bond monies from illegal aliens and their family members to post bonds for the illegal aliens, knowing that the aliens intended to abscond once released from United States immigration custody.

5. On or about and between October 13, 2010 and June 9, 2016, both dates being approximate and inclusive, HIBS had an alien absconsion rate of approximately 86% percent.

6. As a further part of the scheme, the defendants HEMA PATEL and HARJINDER SINGH, also known as "Laddi," caused documents containing false and fraudulent alien sponsorship information to be submitted to United States Immigration Courts in an effort to secure bonds for aliens who had been smuggled into the United States by the co-conspirators.

## COUNT ONE
(Conspiracy to Smuggle Aliens into the United States)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between April 2015 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHANDRESH KUMA PATEL, also known as "Chandu," HEMA PATEL and HARJINDER SINGH, also known as "Laddi," together with others, knowing that one or more persons were aliens, did knowingly and intentionally conspire to bring and attempt to bring such aliens into the United States, at a place other than a designated port of entry or a place designated by the Commissioner of Immigration and Naturalization, contrary to Title 8, United States Code, Section 1324(a)(1)(A)(i).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWO
(Alien Smuggling for Financial Gain)

9. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between April 2015 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHANDRESH KUMAR PATEL, also known as "Chandu," HEMA PATEL and HARJINDER SINGH, also known as "Laddi," together with others, did knowingly and in reckless disregard of the fact that one or more aliens had not received prior official

authorization to come to, enter and reside in the United States, did knowingly and intentionally bring to and attempt to bring to the United States such aliens, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Launder Money)

11. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between April 2015 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHANDRESH KUMAR PATEL, also known as "Chandu," HEMA PATEL and HARJINDER SINGH, also known as "Laddi," together with others, did knowingly and intentionally conspire to transport, transmit and transfer, and attempt to transport, transmit and transfer, a monetary instrument and funds to and from places in the United States, to wit: New York State and Texas, to and through places outside the United States, to wit: Bolivia, Columbia, Guatemala, India, Mexico and Russia, with the intent to promote the carrying on of specified unlawful activities, to wit: the crimes charged in Counts One and Two, contrary to Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Defraud United States Immigration Courts)

13. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between April 2015 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HEMA PATEL and HARJINDER SINGH, also known as "Laddi," together with others, did knowingly and willfully conspire to defraud the United States and an agency of the United States, to wit: the United States Immigration Courts.

## MANNER AND MEANS

15. The manner and means by which the conspiracy was sought to be accomplished, included, among others, the following: (a) creating false and fraudulent alien sponsorship documents for presentation to the United States Immigration Courts; (b) giving these false and fraudulent alien sponsorship documents to the defendant HEMA PATEL; and (c) causing the false and fraudulent alien sponsorship documents to be submitted to the United States Immigration Courts by others.

16. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants HEMA PATEL and HARJINDER SINGH, also known as "Laddi," did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about and between August 10, 2015 and February 24, 2016, HEMA PATEL caused false and fraudulent alien sponsorship documents to be

submitted to the United States Immigration Courts on at least nine occasions, which documents were submitted by third-parties. Specifically, the alien sponsorship documents contained telephone numbers for the purported sponsors of such aliens, which were in fact a telephone number known to be used by SINGH.

(b) On or about June 24, 2016, SINGH and HEMA PATEL caused false and fraudulent alien sponsorship documents to be submitted by a third-party to the United States Immigration Court in Eloy, Arizona.

(c) On or about September 1, 2016, HEMA PATEL sent a letter to an illegal alien detained in the Imperial Regional Adult Detention Facility, in Calexico, California, relaying fraudulent sponsorship information that the alien was to provide to United States immigration authorities.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

17. The United States hereby gives notice to the defendants that, upon their conviction of either offense charged in Counts One and Two, the government will seek forfeiture in accordance with (a) Title 8, United States Code, Section 1324(b)(1) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle or aircraft that has been or is being used in the commission of such offense, the gross proceeds of such offenses, and any property traceable to such conveyance or proceeds, and/or (b) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle or aircraft used in the commission of such offense, and any

property, real or personal, that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such offenses, or that is used to facilitate or intended to be used to facilitate the commission of such offenses, including but not limited to:

(a) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 208 Auburn Avenue, McAllen, Texas 78504;

(b) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 128 N. Expressway 77, Raymondville, Texas 78580;

(c) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 118 N. Expressway 77, Raymondville, Texas 78580; and

(d) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 5 Miller Circle, Hicksville, New York 11801.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b)(1); Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p)).

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

19. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Three, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the following:

(a) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 208 Auburn Avenue, McAllen, Texas 78504;

(b) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 128 N. Expressway 77, Raymondville, Texas 78580;

(c) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 118 N. Expressway 77, Raymondville, Texas 78580; and

(d) The real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 5 Miller Circle, Hicksville, New York 11801.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p)).

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. #2105R01296\

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

CHANDRESH KUMAR PATEL, *also known as* "*Chandu*," HEMA PATEL, *and* HARJINDER SINGH, *also known as* "*Laddi*,"

Defendants.

## INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(i), 1324(a)(2)(B)(ii) and 1324(b)(1); T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(6), 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ___

_____
Clerk

Bail, $ _____

*Mark E. Misorek, Assistant U.S. Attorney (631) 715-7874*