IN THE UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § Case No. 2:16-cr-00584-DRH-AYS-2 |
| *Plaintiff,* | § |
| v. | § RESPONSE OF NALIN PATEL, DNA |
| | § HOTELS, LTD AND NEEPA VINA |
| HEMA PATEL, | § INVESTMENTS, LLC TO USA'S MOTION |
| | § TO DISMISS VERIFIED PETITION |
| *Defendant* | § |

Now comes **Nalin Patel, DNA Hotels, Ltd. and Neepa Vina Investments, LLC (hereinafter "Claimants")** and file this, their Response to the United States of America's Motion to Dismiss Their Verified Petition and in response thereto, would show the Court as follows:

**I.**

The United States of America has asserted that the verified petition of the Claimants should be dismissed on two grounds:

1) That the petition fails to indicate whether he is proceeding under 21 U.S.C. § 853 (n)(6)(A) or (B);

2) That the petition fails to state a claim.

**II.**

Claimants would show that both bases asserted are invalid and the Claimants Petition should not be dismissed.

*Response of Nalin Paten, DNA Hotels, Ltd. and Neepa Vina Investments, LLC to United States of America's Motion to Dismiss Verified Petition*

Page | 1

### III.

### Assertion That The Petition Fails To Indicate Whether The Claimants Are Proceeding Under 21 U.S.C. § 853 (n)(6)(A) or (B).

21 U.S.C. § 853 (n) sets forth two basis on which Claimants may assert their rights in a forfeiture proceeding such as this one. Section 853 (n)(6)(A) allows for assertion of such rights if:

> "The petitioner has a legal right, title or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the Petitioner rather than in the Defendant or was superior to any right, title or interest of the Defendant at the time of the commission of the acts which gave rise to the forfeiture of the property…"

Section 853 (n)(6)(b) sets forth the other basis which is:

> "The Petitioner is a bona fide purchaser for value of the right, title or interest in the property, and was, at the time of the purchase, reasonably without cause to believe that the property was subject to forfeiture…"

The United States, in its Motion to Dismiss, claims that it does not know and cannot ascertain from the Claimant's Verified Petition whether the Claimants are asserting their claims under § 853 (n)(6)(A) or under § 853 (n)(6)(B). Such a claim by the United States of America is disingenuous at best. It claims that the Petition is "devoid of any reference to whether Nalin is claiming superior right, title or interest over the claimed assets under 21 USC § 853 (n)(6)(A), or whether Nalin is claiming to be a bona fide purchaser for value of the claimed assets under 21 USC § (n)(6)(B)" and further asserts "that the United States of America is completely at a loss as to the scope and direction of discovery it should be seeking from Nalin in order to challenge the Petition."

For the United States of American to make such assertions, it is required to ignore the substance of the Verified Petition itself and particularly the exhibits thereto and incorporated therein. If the United States of America is indeed unaware of the basis of Claimants assertion of rights, it is because it chooses to remain unaware and not because of a lack of information in the Verified Petition.

The criminal conduct alleged by the United States of America and upon which its attempted forfeiture is based, occurred according to the Indictment in this case, "in or about or between April 2015 and October 2016." (Docket Entry No. 1 at Page 3) Exhibit A of the Claimant's Verified Petition which is incorporated in the Petition and clearly indicates that the piece of property located at 128 North Expressway 77, Raymondville, Texas 78520 was acquired by DNA Hotels, Ltd. on September 27, 2007, almost eight years prior to any alleged criminal activity upon which the forfeiture is based. (Docket Entry No. 108 – 1, Pages 1 – 6). In addition thereto, Exhibit B to Claimants' Verified Petition which is incorporated in the Petition, clearly indicates that the piece of property located at 118 North Expressway 77, Raymondville, Texas 78580 was acquired by Neepa Vina Investments, LLC on June 3, 2004, almost eleven years prior to any alleged criminal activity upon which the forfeiture is based. (Docket Entry No. 102-2, Pages 1 – 2).

### III.

Based upon the facts pointed out above, it is abundantly clear that the Claimants are asserting their claims in this matter, pursuant to 21 USC § 853 (n)(6)(A) and wholly negates any assertion that the United States of America could be somehow misled into believing that the Claimants' petition is asserting their claims as a bona fide purchaser for value who acquired the property subsequently since it is abundantly clear from the

Verified Petition that the titles to the properties in question were acquired years prior to any alleged criminal activity.

In light of the facts shown above, for the United States of America to argue that the Verified Petition does not specifically state under which action the Claimants' rights are being asserted, is a blatant attempt to elevate form over substance and a willful ignorance of the clear implication of the evidence which is part and parcel of the Verified Petition.

## IV.

## Assertion That The Petition Fails To State A Claim

The second basis upon which the United States of America asserts that the Claimants' Verified Petition should be dismissed is that it claims the petition fails to state a claim. Such an assertion is without basis and should be denied.

In support of its assertion, the United States of America cites cases in which the Claimants asserted claims without providing any details as to the time and circumstance under which the property rights asserted were acquired. While the cases cited do indicate a necessity to provide some detail regarding such acquisition, their application is Claimants' assertion of rights are wholly inapplicable since the Claimants in this case have indeed provided sufficient details as to the time and circumstances under which the Claimants acquired their rights. Once again, for the United States of America to assert that it has no information as to the time and circumstances of Claimants' acquisition of their property rights on the real property in question requires the government to willfully ignore the exhibits attached to Claimants' Verified Petition. Exhibits A and B of the petition set out the time of acquisition of those rights, the manner of acquisition of those rights (warranty deeds), the entities from whom the rights were acquired and the specific entity

which acquired the rights. They also clearly show that the rights acquired by the Claimants were acquired by them years prior to any alleged criminal activity upon which the forfeiture is based.

As the United States of America indicates in its Motion to Dismiss, what is required in a verified petition such as the one filed by the Claimants herein is to set forth "enough facts to state a claim to relief that is plausible on its face." *Willis Mgt. (VI), Ltd v. United States*, 652 F.3d 236 (2d Cir. 2011) at Pg. 241 – 242. In addition, to be plausible, the petition need not show a probability of success, but it must evidence more than a mere possibility of right to relief. *Ashcroft v. Igbal*, 556, U.S. 662, 678 (2009). Finally, as admitted by the United States of America in its brief, all reasonable inferences must be drawn in favor of the Petitioner. *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management, LLC*, 595 F.3d. 86, 91 2nd Cir. 2010).

Under the requirements and standards set out above, it is clear that Claimants' Verified Petition meets the requirements and Claimants should be allowed to assert their claims in this matter. Claimants have shown, in sufficient detail, the time and circumstances of their acquisition of property rights attempted to be forfeited and they have shown a plausible claim to relief which should not be dismissed without the opportunity to move forward with an evidentiary hearing in this matter.

WHEREFORE, PREMISES CONSIDERED, Claimants pray that the United States of America's Motion to Dismiss be set for hearing in this matter and upon such hearing the motion be in all things denied and for such other and further relief to which they may be justly entitled.

*Response of Nalin Paten, DNA Hotels, Ltd. and Neepa Vina Investments, LLC to United States of America's Motion to Dismiss Verified Petition*

Page | 5

Respectfully submitted,

By:    */s/ Rex N. Leach*
       Rex N. Leach
       Texas State Bar No. 12086300
       Federal I. D. No. 8244
       P. O. Drawer 3725 (78502)
       818 West Pecan Boulevard
       McAllen, Texas 78501
       (956) 682-5501
       (956) 686-6109 – Facsimile
       E-Mail: rleach@atlashall.com
       ***Attorney in Charge for Claimants***

**OF COUNSEL:**
ATLAS, HALL & RODRIGUEZ, LLC
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile

*Response of Nalin Paten, DNA Hotels, Ltd. and Neepa Vina Investments, LLC to United States of America's Motion to Dismiss Verified Petition*

Page | 6

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document was served upon all counsel of record in this cause pursuant to the Federal Rules of Civil Procedure on the 4th day of January 2019, to-wit:

Leonard Lato
E-Mail: leonardlato@yahoo.com

Maureen S. Hoerger
E-Mail: perinihoerger@aol.com

Jeffrey M. Cohn
E-Mail: jcohnlaw@hotmail.com

Tracey E. Gaffey
E-Mail: tracey_gaffey@fd.org, edny_ecf_ci@yahoo.com

Terrence P. Buckley
E-Mail: terrencepbuckley@aol.com

Todd D. Greenberg
E-Mail: todd@queenslaw.com

Robert W. Schumacher, II
E-Mail: robert.schumacher@usdoj.gov, caseview.ecf@usdoj.gov

S. Michael Musa-Obregon
E-Mail: molawfirm@gmail.com, musaobregonlaw@gmail.com

Anthony J. Colleluori
E-Mails: acolleluori@raiserkenniff.com, gordon@raiserkenniff.com, jessec@raiserkenniff.com, jingoglia@raiserkenniff.com, knoel@raiserkenniff.com, office.catlaw1@gmail.com, officemanager@raiserkenniff.com, paralegal@raiserkenniff.com, steven@raiserkenniff.com

Peter Kapitonov
E-Mail: peter.kapitonov@gmail.com, peter_kapitonov@yahoo.com

Mark E. Misorek
E-Mail: mark.misorek@usdoj.gov, Dejah.Turla@usdoj.gov, caseview.ecf@usdoj.gov

Vincent A. Notzon
E-Mail: vnotzon@mdtlaw.com , etidwell@mdtlaw.com

                                          /s/ *Rex N. Leach*
                                          Rex N. Leach

IN THE UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § Case No. 2:16-cr-00584-DRH-AYS-2 |
| *Plaintiff*, | § |
| v. | § |
| HEMA PATEL, | § ORDER DENYING USA'S MOTION |
| | § TO DISMISS VERIFIED PETITION |
| *Defendant* | § |

On the _____ day of _____, 2019 came on for hearing United States of America's Motion to Dismiss Verified Petition. The Court, having reviewed the motion and other relevant documents and heard the arguments of counsel, determined that the Motion should be **DENIED**.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that the United States of America's Motion to Dismiss Verified Petition be and the same is hereby **DENIED**.

Signed on this, the _____ day of _____, 2019.

_____
**UNITED STATES DISTRICT JUDGE**