```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA
                                            MEMORANDUM AND ORDER
                                            16-CR-00584-02(DRH)
        -against-

HEMA PATEL,

        Defendant,

NALIN PATEL, DNA HOTELS, LTD., AND
NEEPA VINA INVESTMENTS, LLC,

        Claimants and Third-Party
        Petitioners.
----------------------------------X
A P P E A R A N C E S:

For the Government:
    Richard P. Donoghue
    United States Attorney
    Eastern District of New York
    Central Islip, New York 11722
      By: Robert Schumacher, A.U.S.A.

For Claimants and Third-Party Petitioners:
    Atlas, Hall & Rodriguez, LLC
    P.O. Drawers 3725 (78502)
    818 West Pecan Boulevard
    McAllen, Texas 78501
      By: Rex. N. Leach, Esq.

HURLEY, Senior Judge
```

Pending before the Court is the government's motion (DE 147), made pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), for an order dismissing the Verified Petition filed on behalf of Nalin Patel ("Nalin"), Neepa Vina Investment LLC ("Neepa") and DNA Hotels, Ltd. ("DNA Hotels").

As explained, infra, the motion is granted in part and denied in part.

## Background

Hema Patel ("Hema"), spouse of Nalin, stands convicted, based on her June 7, 2018 plea of guilty, of Alien Smuggling for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). In a Preliminary Order of Forfeiture ("POF") entered on June 20, 2018, Hema consented to the forfeiture of a series of assets listed in the POF.[1] Those assets fall into three broad categories, viz. (1) real property[2] (2) bank and other monetary accounts and (3) other items of personal property.

Title 21 U.S.C. §853 (n)(2) provides that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury."

---

[1] See POF (DE 101) at pp. 1-3; parenthetically, Hema's co-defendant similarly pled guilty and consented to the forfeiture of those of the subject assets in which he had an interest. See DE 87 at pp. 1-4.

[2] There are two real properties in which claimants assert an interest, a La Quinta Inn and a Texas Inn. Those claims embrace not only the real property but all buildings thereon together with "fixtures. attachments, easements and furnishings." See POF at ¶¶ (b) and (c).

A Verified Petition was filed by Nalin, DNA Hotels, and Neepa (together "claimants") on July 19, 2018, less than thirty days after the POF was signed, requesting the Court "to adjudicate [their respective interests] in [certain] properties] which are subject to the Preliminary Order of Forfeiture . . . issued on June 20, 2018." (Verified Petition (DE 108) at p. 1.) In asserting those claims, claimants proffer:[3]

### As to La Quinta Inn (POF ¶ b)

(1) Nalin owns "99% of the assets of DNA Hotels" which, in turn, owns the La Quinta Inn located at 128 N. Expressway 77, Raymondville, Texas. As evidence of the latter, Nalin provides a photocopy of a recorded warranty deed dated September 27, 2007 listing DNA Hotels as sole grantee. Nalin further avers that the "other 1% of the assets [of DNA Hotels is] owned by Neepa . . . of which [he] is the only member"; Hema is reported to have "no interest in DNA Hotels, Ltd. or the [subject] real property." (See Verified Petition at ¶¶ 1, 3(a) & Ex. A.)

### As to the Texas Inn (POF ¶ c)

(2) As to the other contested parcel of real property included in the POF, i.e the Texas Inn located at 118 N.

---

[3] The POF lists the "subject assets" in paragraphs (a) through and including paragraph (q). Claimants assert in their Petition superior interest in the assets described in paragraphs (b), (c), (i), (j), (k), (o), (p) and (q) of the POF.

Expressway 77, Raymondville, Texas, that property is reported by Nalin to be owned by Neepa in fee simple as purportedly evidenced by Exhibit B attached to the Petition, that being a photocopy of a June 3, 2004 recorded warranty deed to another parcel located in Raymondville, Texas represented by Nalin to be the Texas Inn. (See Verified Petition at ¶¶ 2, 3(b) & Ex. B.)

As to the Accounts and Other Items of Personal Property

As to the other two broad categories of contested assets, the involved claimant or claimants simply claim ownership of the particular items absent any further information such as when ownership was acquired and from whom. By way of example, consider Nalin's claim to the property set forth in paragraph o of the POF as explained in the Verified Petition:

> As to property in Paragraph (o) of the Preliminary Order: Approximately Seven Hundred Dollars and No/100ths ($700.00) in United States currency, eleven (11) one ounce gold bars and various pieces of jewelry seized from First Community Bank, safe deposit box number 130 on or about November 17, 2016. Nalin Patel is owner of certain items of property held in the safety deposit box. As to his interest in the contents, Nalin Patel is innocent within the innocent owner standard as provided in 18 U.S.C. § 983(d) in that he did not know of the conduct giving rise to the forfeiture.

(Verified Petition ¶ f.)

## Positions of Parties

A. **Government Maintains That the Verified Petition is Deficient on Its Face Warranting Immediate Dismissal**

In seeking dismissal of claimants' Verified Petition, the government argues that the Verified Petition is deficient on its face and should be stricken for two reasons, viz: (1) it fails to specify under which statutory subsection claimants are making their claims — specifically "A" or "B" of 21 U.S.C. § 853(c) and (2) it also fails to meet the stringent pleading requirements of 21 U.S.C. § 853(n)(3) by not sufficiently setting forth "the nature and extent of the [his] right, title, or interest in the property, the time and circumstances of [his] acquisition of the right, title, or interest in the property, [and/or] any additional facts supporting [his] claim." (Gov't's Mem. in Supp. at 1 (alterations in original).)[4]

B. **Claimants' Responses**

In response to the government's first argument, claimants maintain that a fair reading of the Petition clearly demonstrates that they "are asserting their claims . . . pursuant to 21 U.S.C. § 853(n)(6)(A), i.e. as holders of superior interests in the subject assets." (Claimants' Response (DE 147-

---

[4] Although the government recognizes that there are three claimants — Nalin and the two entities (see, e.g., cover page of Gov't's Mem. in Supp.) – it uses the singular in the above quote presumably because Nalin filed the Verified Petition in his name as an individual claimant and on behalf of claimants DNA Hotels and Neepa.

2) at 3.) That is evident, claimants proffer, via reference to Exhibits A and B to the Verified Petition which, by their very nature, are said to be inconsistent with a bona fide purchaser for value claim given their temporal components. Id. Simply put, the thrust of their position is that the acquisition dates recited in the deeds predate Hema's criminality by multiple years thereby foreclosing viable post-offense good faith purchaser claims under § (n)(6)(B).

Claimants do not explain how reference to Exhibits A and B provides clarification concerning which subdivision of Section 853 (n)(6) they predicate their claims to properties in the other two, i.e. non-real estate, asset categories, perhaps laboring under the problematic belief that the answer is self-evident. In any event, their papers do not address that subject.

Claimants' response to the government's second argument concerning their failure to state a cause of action — via allegedly ignoring the pleading requirements of Section 853(n)(3) — is twofold. As to their real estate claim, they contend that the required specificity called for under the statute is found in the deeds, Exhibits A and B. As to their non-real estate claims, their arguments are non-existent.

## Discussion

I. Applicable Law – Statutory Framework of Ancillary Proceedings

"The procedure by which third-parties may seek to

recover an alleged interest in forfeited property is through a post-trial ancillary proceeding pursuant to 21 U.S.C. § 853(n). [T]he purpose of the ancillary proceeding is for the District Court . . . to amend orders of forfeiture and apportion assets when one or more third parties claim an interest in the property to be forfeited." United States v. Dupree, 919 F. Supp. 2d 254, 262 (E.D.N.Y. 2013)(internal quotation marks and citations omitted), aff'd in part and vacated in part on other grounds sub. nom United States v. Watts, 786 F.3d 152 (2d Cir. 2015).

If a claimant establishes an interest in the POF property superior to the defendant's interest as of the time the criminal conduct occurred, 21 U.S.C. § 853(n)(6)(A), or proves that he or she "is a bona purchaser for value of the . . . interest in the property and was at the time of the purchase reasonably without cause to believe the property was subject to forfeiture" 21 U.S.C. § 853(n)(6)(B), then the court shall strike the asset involved from the POF. Otherwise "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

It is important to note that under the statutory framework for ancillary proceedings, a person seeking to have an asset culled from a POF must first establish standing before the claim will be addressed on the merits. United States v. Dupree,

919 F. Supp. 2d at 263 ("In order to advance a claim in the ancillary proceeding, a third-party petitioner must first establish a 'legal interest' in a particular asset, pursuant to 21 U.S.C. § 853(n)(2).") "If a [claimant] possesses no legal interest under applicable state law . . . the claim must be dismissed for lack of standing." <u>Id.</u> (citing a series of cases including <u>United States v. Ribadeneira</u>, 105 F.3d 833, 835 (2d Cir. 1997)).

Rule 32.2(c) of the Rules of Criminal Procedure is, along with 21 U.S.C. § 853, relevant for present purpose. It provides in subdivision (c)(1)(A): "In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."

> As explained by the Second Circuit:
>
> A motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). Therefore, a petition should not be dismissed if the petitioner has stated enough facts to state a claim to relief that is plausible on its face. In reviewing the petition, we will assume that the facts set forth in the petition are true, <u>see</u> Fed. R. Crim. P. 32.2(c)(1)(A), however, we are not required to accept any legal conclusions included in the petition.

<u>Willis Management (Vermont), Ltd. v. United States</u>, 652 F.3d 236, 241-42 (2d Cir. 2011)(internal citations and quotation marks

omitted).

>    II. Claimants Lack Standing to Assert an Interest in Any Items Listed in Paragraphs i, j, k, o, p, and q of the POF,, i.e. Those Assets Falling Into the Categories of "Bank and Other Monetary Accounts" and "Other Items of Personal Property"[5]

Short shrift may be made of the captioned matter. As to those six items, claimants assert in conclusory fashion an ownership interest in each, devoid of any effort to satisfy — or, indeed, even address — the pleading requirements mandated under § 853(n)(3). Those requirements include the need to set forth "the time and circumstances of [claimants'] acquisition of the . . . interest in the property." 21 U.S.C. §853(n)(3). It is not enough in an ancillary proceeding to simply allege ownership even though a motion to dismiss is treated like a Rule 12(b)(6) motion in judging its sufficiency, carrying with it the concomitant assumption of truth vis-a-vis the included factual assertions. See United States v. Edwards, 2007 WL 2088608 at *2 (W.D. La. June 20, 2007)("[The law requires more than the bare assertion of legal title to establish the nature and extent of the petitioner's . . . interest in the subject property.") (emphasis added) (citing cases). That "more" is complements of Section

---

[5] Thus far the real estate category of assets has been discussed in the text before the other asset categories. However, those two latter categories lend themselves to ready resolution whereas addressing the La Quinta and Texas Inn scenarios are more nuanced. In any event, in this, the Discussion portion of the opinion, the other asset categories will be addressed first.

853(n)(3).

Claimants' apparent effort to fill that pleading void as to the required specifics of acquisition by alluding to Petition Exhibits A and B is a flawed gesture since those two deeds pertain solely to the La Quinta and Texas Inn properties, not to the non-real estate assets which claimants seek to recover.[6]

In sum, claimants have failed to present a plausible claim to any of the captioned non-real estate assets and, accordingly, that portion of their petition is dismissed based on a lack of standing to contest those parts of the POF.[7]

> III. Claimant DNA Hotels is Asserting its Interest in the Property at 128 North Expressway 77, Raymondville, Texas — (POF ¶ b) (a La Quinta Inn)) and Claimant Neepa is Asserting its Interest in the Property at 118 North Expressway 77, Raymondville, Texas — (POF ¶ c) (a Texas Inn) - Under Section 853(n)(6)(A), not (6)(B)

The lack of clarity about the captioned subject is largely traceable to DNA Hotels and Neepa asserting that they are

---

[6] The La Quinta and Texas Inns are reported to have had bank accounts, POF items (j) and (k) respectfully. The specificity requirements set forth in Section 853(n)(3) are obviously not satisfied via reference to the deeds for the two Inns or otherwise addressed.

[7] The above result based on the insufficiency of the pleading renders the government's other ground questioning whether claimants are proceeding under subdivision A or subdivision B of Section 853(n)(6) academic as to the non-real estate assets involved. As a result, that alternative basis will not be further addressed.

both the "fee simple owner" of the La Quinta Inn and the Texas Inn, respectively and an "innocent owner" of the properties consistent with the "standard . . . provided in 18 U.S.C. §983(d) in that it did not know of the conduct giving rise to the forfeiture." (Verified Petition ¶¶ 1(a), 2(a).) That latter alternative basis was erroneously invoked in that 18 U.S.C. § 983(d) pertains to in rem civil forfeitures, not criminal forfeitures like at bar which are part of the sentencing process. See 18 U.S.C. § 983(i)(1) (defining "civil forfeiture statute"); United States v. Fleet, 498 F.3d 1225, 1231 (11th Cir. 2007)("Civil forfeiture acts in rem against the seized property itself, but criminal forfeiture acts in personam as a punishment against the party who committed the criminal acts.") Section 953 (d) and the "innocent owner" doctrine referenced by DNA Hotels and Neepa is, simply put, irrelevant for present purposes. Id. at 1232. ("There is no innocent spouse defense to criminal forfeiture because the only property being forfeited is the interest that belongs to the defendant.")

The government's professed confusion about which subsection of § 853(n)(6) DNA Hotels and Neepa are relying upon creates a need to briefly discuss § (6)(B). That subsection provides for an amendment to a forfeiture order in instances where a claimant establishes that he or she "is a purchaser for value of the . . . interest in the property and was at the time

of purchase reasonably without cause to believe that the property was subject to forfeiture."  21 U.S.C. §853(n)(6)(B).  Its purpose is to protect a good faith purchaser of a property from a defendant after that defendant engaged in the criminal conduct underlying the forfeiture. <u>United States v. Soreide</u>, 461 F.3d 1351, 1355-56 (11th Cir. (2006).  As such, it embodies an exception to the typical rule that the government's interest in the property vests upon the defendant's commission of the crime. <u>See</u> <u>United States v. Daugerdas</u>, 892 F.3d 545, 548 & n.3(2d Cir. 2018).

But like 18 U.S.C. § 983(d), 21 U.S.C. § 853(n)(6)(B) is not germane for present purposes since Exhibit A and B to the Petition shows that claimants DNA Hotels and Neepa purchased their respective real property, not from Hema, but from another grantor, and years before, not after Hema's wrongdoing.

Moving beyond the confusion engendered by claimants' misguided labeling of itself as an "innocent owner," it is apparent that the gravamen of DNA Hotel's claim to the La Quinta and Neepa's claim to the Texas Inn are brought under subdivision A of Section 853(n)(6) if for no other reason than by the process of elimination given the patent inapplicability of (6)(B).

> IV. Claimant DNA Hotels Has Standing to Pursue
>     Its Claimed Interest in the Property at
>     128 North Expressway 77, Raymondville, Texas;
>     <u>Individual Claimant Nalin Does Not</u>

At this juncture, attention will be turned to the

question of whether DNA Hotels has standing to further pursue its interest in the La Quinta Inn. Has it complied with Section 853(n)(3)'s mandatory pleading requirements and, in the process, stated a plausible claim? Reference to Exhibit A, the September 27, 2007 warranty deed with its incorporated details, indicates that it has. While DNA Hotels has articulated a plausible interest in the La Quinta, as its record owner sufficient to proceed to the next stages of the case, the same may not be said about Nalin based on his asserted indirect "owner[ship] . . . of the assets of DNA Hotels." (Verified Petition ¶¶ 3(a)& (b).) First, the legal significance of his indirect asset ownership is not explained. But even if such significance is assumed, he fails to disclose, among other things, when he purchased his interest and from whom, in violation of Section 853(n)(3). In any event, Nalin's individual claim is purely conclusory and otherwise insufficient to withstand a standing challenge.

To partially reiterate, a juxtapositioning of Exhibit A attached to the Petition with the statutory pleading requirements shows sufficient compliance to confer standing on the DNA Hotel,[8] but not on Nalin, with respect to the La Quinta Inn.

---

[8] As earlier noted, Exhibit A provides the name of the entity from which DNA Hotels acquired ownership, the date and means of the transfer, and a detailed description of the property conveyed.

V. Neepa has Standing to Pursue its Claimed
Interest in the Texas Inn, 118 North Expressway
77, Raymondville, Texas — (Listed as item c)
in the POF); Nalin, as the sole Member of Neepa,
Does Not

Neepa, like DNA Hotels, is one of the three claimants named in the Verified Petition. Like DNA Hotels, its interest in the particular property is reflected in a deed affixed as an exhibit the Verified Petition, this time Exhibit B pertaining to the Texas Inn.

Similar operative facts and the same legal principles apply to Neepa's and Nalin's claimed interest in the Texas Inn as those just explained vis-a-vis the La Quinta property. Therefore, the rationale and resulting conclusions set forth in subdivision IV, supra, are incorporated by reference recognizing the different parties involved. Accordingly, the government's motion to dismiss for lack of standing is denied as to Neepa's interest in the Texas Inn but granted as to Nalin's asserted interest.

CONCLUSION

The government's motion to dismiss claimants' asserted interest in the properties listed in their Verified Petition for lack of standing is granted except as to (1) DNA Hotel's claimed interest in the La Quinta Inn (POF ¶ b), and (2) Neepa's claimed interest in the Texas Inn (POF ¶ c).

A hearing on the two properties listed in the preceding paragraph will need to be held. First, however, the question

arises as to what, if any, discovery is appropriate. See Fed. R. Crim. P. 32.2(c)(1)(B). To the extent that either the government, DNA Hotel, or Neepa seeks discovery, they should so advise the Court by letter filed no later than August 23, 2019.

      SO ORDERED.

Dated: Central Islip, New York
      July 17, 2019               s/_____
                                        Denis R. Hurley
                                        United States District Judge