UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

CHANDRESH KUMAR PATEL,
    also known as "Chandu,"
HEMA PATEL and
HARJINDER SINGH,
    also known as "Laddi,"

                    Defendants.
---------------------------------------------------------X

**ORDER**
16-CR-0584 (DRH)(AYS)

**SHIELDS, ANNE Y., United States Magistrate Judge:**

Before the Court is a motion to quash a subpoena and for a protective order by Nalin Patel ("Patel"), in connection with discovery being conducted in the forfeiture proceeding in the above-captioned criminal action. For the following reasons, Patel's motion is denied.

On July 19, 2018, Patel filed a petition on behalf of DNA Hotels, Ltd., asserting, as DNA's owner, a "legally cognizable interest" in the La Quinta Inn located at 128 North Expressway 77, Raymondville, Texas 75850, (Docket Entry ("DE") [108]), which was seized and ordered forfeited to the United States in connection with the within criminal proceeding. (DE [259].) The Government served Patel with a subpoena (the "Subpoena") on November 5, 2019, directing Patel to appear at the United States Attorney's Office for the Eastern District of New York, located in Central Islip, New York, on November 12, 2019 to provide testimony. (Patel's Mot. to Quash, DE [161], at Ex. B.) Patel now moves to quash the Subpoena and for a protective order, on the sole basis that he is a resident of Texas and therefore, outside the 100-mile rule set forth in Federal Rule of Civil Procedure 45 with respect to the location of depositions. The Government opposes Patel's application, noting that he is not merely a witness

1

in this action, but is, in fact, a party/intervenor seeking affirmative relief from the Court. (Government's Opp'n, DE [162], at 2.) The Court agrees with the Government.

While the Court was unable to find case law on this topic in this Circuit, cases from other federal jurisdictions are instructive and persuasive. Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture proceedings "and expressly contemplates discovery in an ancillary proceeding," such as this one, in accordance with the Federal Rules of Civil Procedure. United States v. Kokko, No. 06-20065-CR, 2007 WL 2209260, at *6 (S.D. Fla. July 30, 2007). Where, as here, the party objecting to discovery is a claimant who is affirmatively seeking relief from the Court, he "subject[s] [himself] to the jurisdiction of the court where the action is filed." United States v. $160,066.98 from Bank of Am., 202 F.R.D. 624, 627 (S.D. Cal. 2001); see also Kokko, 2007 WL 2209260, at *7 ("Aersped is more than just a witness. It is a claimant seeking affirmative relief by invoking the jurisdiction of this Court."). As a result of Patel's voluntary invocation of this Court's jurisdiction, he may be compelled to appear for a deposition in this district "if [he] wishes to pursue a claim in this proceeding." Kokko, 2007 WL 2209260, at *7; see also $160,066.98 from Bank of Am., 202 F.R.D at 627 (finding that since claimants "elected to pursue their restitution claim within the forfeiture action brought by the United States," an exception to the general rule on the location of depositions was warranted).

Accordingly, Patel's motion to quash and for a protective order is denied. Patel shall appear for his deposition on December 12, 2019 at the Office of the United States Attorney for the Eastern District of New York, located in Central Islip, New York, as commanded by the Subpoena. In light of the foregoing, the hearing scheduled for December 6, 2019 before the undersigned is cancelled.

**SO ORDERED:**

Dated: Central Islip, New York
December 2, 2019

                                                            /s/ Anne Y. Shields
                                                            ANNE Y. SHIELDS
                                                            United States Magistrate Judge